**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000735
30-MAR-2023
07:51 AM
Dkt. 66 MO**

NO. CAAP-18-0000735

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


GARY BOLTE; CHRIS BOLTE; and HUAKA MAHINA LLC,
Appellants-Appellees,
v.
MAUI PLANNING COMMISSION, Appellee-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 18-1-0119(1))


MEMORANDUM OPINION
(By: Leonard, Presiding Judge, and Wadsworth and Chan, JJ.)

In this secondary appeal, Appellee-Appellant Maui Planning Commission (**MPC** or **the Commission**) appeals from the Final Judgment (**Judgment**) entered on September 17, 2018, in the Circuit Court of the Second Circuit (**Circuit Court**).[1]  MPC also challenges the following orders entered by the Circuit Court: (1) the June 18, 2018 "Order Denying [MPC's] Motion to Dismiss Amended Notice of Appeal Filed March 14, 2018" (**Order Denying MPC's Motion to Dismiss**); (2) the July 27, 2018 "Order Granting Appellants[-Appellees] Gary Bolte, Chris Bolte, and Huaka Mahina LLC's [(collectively, **the Boltes**)] Motion For Summary Judgment, Filed May 31, 2018" (**Order Granting the Boltes' MSJ**); and (3) the July 27, 2018 "Order Denying [MPC's] Motion for Summary Judgment as to [the Boltes'] Automatic Approval Claims, Filed June 25, 2018" (**Order Denying MPC's MSJ**).

_____

[1]  The Honorable Rhonda I.L. Loo presided.

MPC contends that the Circuit Court erred in several respects, including by asserting jurisdiction over the Boltes' agency (or primary) appeal, where MPC had not issued a "written final decision and order" on the Boltes' application for a permit to operate a short-term rental home (**STRH**) in Lahaina, Maui.

For the reasons discussed below, we conclude that the Circuit Court lacked jurisdiction over the primary appeal, as asserted in the March 9, 2018 notice of appeal and the March 14, 2018 amended notice of appeal.

## I.  Background

### A. Proceedings Before the MPC

On or about December 2, 2016, the Boltes submitted an application for a STRH permit (**Application**) to the County of Maui, Department of Planning (**Department**).

On September 8, 2017, MPC deemed the Application complete and set it for public hearing on October 24, 2017.  At the October 24, 2017 public hearing, MPC opened the floor for public testimony on the Application; there was none.  Following discussion, MPC voted to defer the matter to a later date "for additional information from the [Boltes] and [to] have additional commission members present."  (Formatting altered.)

On January 9, 2018, MPC held a second public hearing regarding the Application and again opened the floor for public testimony; there was none.  Following further discussion, MPC voted to deny the Boltes' Application.  The preparation of a written decision and order for approval by MPC was then briefly discussed.

On February 22, 2018, the Department sent the Boltes a letter (**February 22, 2018 Letter**) stating, in relevant part:

> At its regular meeting on October 24, 2017, [MPC] reviewed the above application, and after due deliberation, the Commission denied the [Boltes'] request for a STRH Permit.  In making its decision, the Commission took into consideration, among other things, the number and distance from the subject parcel to other permitted short-term rental homes.
>
> A Decision & Order will be mailed to you upon completion of that document, and we will notify you when it is scheduled for review and acceptance by the Commission.

**B.  Primary Appeal in the Circuit Court**

On March 9, 2018, the Boltes filed a notice of appeal in the Circuit Court pursuant to Hawaii Revised Statutes (**HRS**) § 91-14[2/] and Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 72, with an attached statement of the case.  The notice of appeal stated in part:

> [The Boltes] . . . hereby appeal[] . . . [MPC's] preliminary denial of the [STRH] Permit . . . and failure to render a final decision within the required time period set forth in the Maui County Code . . . ("Preliminary Decision").
>
> [MPC] erred in failing to render a final decision within the 120 day mandatory period to issue a final decision . . . .

On March 14, 2018, the Boltes filed an amended notice of appeal containing the same allegations and attaching the same statement of the case.  In its statement of the case, the Boltes alleged, among other things, that MPC had failed to render a final decision within 120 days from the date the Application was deemed complete by MPC, as purportedly required by Maui County Code (**MCC**) § 19.510.020 A.7.[3/]  The Boltes asserted that MPC's failure to issue a final decision within the prescribed period violated the automatic approval provisions of HRS § 91-13.5(c).[4/]

---

[2/]     HRS § 91-14(a) (2012) provides, in relevant part:

(a) Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter[.]

[3/]     MCC § 19.510.020 A.7. provides:

The commission shall transmit to the County council findings, conclusions, and recommendations for all changes in zoning and conditional use permits within ninety days, and within one hundred twenty days for all other applications requiring council approvals, after the application is deemed complete by the planning department. However, if a consolidated application for a community plan amendment and change in zoning is submitted, the findings, conclusions, and recommendations shall be transmitted within one hundred twenty days.

[4/]     HRS § 91-13.5 (2012) provides, in relevant part:

(a) Unless otherwise provided by law, an agency shall adopt rules that specify a maximum time period to grant or

On April 3, 2018, MPC filed a motion to dismiss the Boltes' amended notice of appeal, arguing that there was no final decision and order entered on the Boltes' Application and no right to review pending a final decision and order.

On May 2, 2018, the Boltes filed a memorandum opposing the motion to dismiss. The Boltes contended that the Circuit Court had jurisdiction "because [the Boltes] are appealing [MPC]'s failure to render a decision by the required deadline." The Boltes maintained that MPC was required by MCC § 19.510.020 A.7. to issue a final decision and order within 120 days from the date the Application was deemed complete by MPC, *i.e.*, by February 21, 2018. The Boltes further asserted: "As no decision and order has issued and the 120-day statutory time period for [MPC] to issue[] its decision and order has expired, [MPC] must be compelled to issue a decision and order approving the Application in accordance with HRS § 91-13.5(c)."

On May 7, 2018, MPC filed a reply memorandum. MPC argued that for purposes of HRS § 91-13.5(c), "[t]he 'established time period' in this case is 120 days, as defined in Rule § 12-201-34 of the [MPC] Rules of Practice and Procedure[.]"[5]

---

> deny a business or development-related permit, license, or approval; provided that the application is not subject to state administered permit programs delegated, authorized, or approved under federal law.
>
> . . . .
>
> (c) All such issuing agencies shall take action to grant or deny any application for a business or development-related permit, license, or approval within the established maximum period of time, or the application shall be deemed approved[.]

[5] MPC Rules of Practice and Procedure (**MPC Rules**) § 12-201-34 provides, in relevant part:

> Maximum time period for decision. Except for state administered permit programs delegated, authorized, or approved under federal law, the commission shall review and make a decision on applications within one hundred twenty days from the later of: (1) the date the application is deemed complete by the director, or (2) the closing of the public hearing on the application, provided that, if a contested case proceeding is conducted pursuant to subchapter 4 of these rules, the decision shall be rendered within the time specified by section 12-201.82.

On May 10, 2018, the Circuit Court held a hearing on MPC's motion to dismiss the amended notice of appeal.  At the hearing, the Boltes conceded that "the operative rule here is the [MPC] Rule Section 12-201-34[,]" and under that rule, "the 120-day time line triggers from either the date that the application is deemed complete or 120 days after the public hearing closes." The Boltes maintained that "[u]nder the circumstances here, there was a hearing on October 24th, 2017, a public hearing which triggered the 120-day deadline[.]"  Referring to HRS § 91-13.5, the Boltes argued that "the [MPC] has simply avoided the statute altogether and created an indefinite time line for them to make a decision."  The Boltes asserted:  "[W]e are required to raise that argument now, otherwise, it would be deemed waived and we would be denied relief."

Following oral argument, the Circuit Court denied MPC's motion to dismiss and ruled as follows:

> The Court finds . . . that pursuant to Maui County Code 19.510.020.87[6/] and HRS 91-13.5(a), [MPC] must render a final decision on a short-term rental application within 120 days of the application being deemed complete.  [MPC] determined that [the Boltes'] application was complete on or about October 4, 2017, thereby, tolling the 120-day deadline.
>
> The county itself agrees that no final decision and order has been rendered to date, specifically a final decision was not issued on February 22, 2018.  The planning director merely issued a letter denying the application but did not include the requisite findings of fact and conclusions of law, as it was not approved by [MPC] at a properly noticed hearing, under the Hawaii [S]unshine [L]aw.
>
> Thereby, the Court finds that [MPC] should not be allowed to avoid this Court's review simply because they refused to issue a final decision, thereby violating the rules.  Accordingly, the Court's going to deny [MPC's] motion to dismiss . . . .

(Footnote added.)

On May 22, 2018, MPC issued its "Findings of Fact, Conclusions of Law, Decision and Order Denying A Short-Term Rental Home Permit for the Huaka Mahina STRH" (**Decision and Order**).

---

[6/]    It appears that the court was referring to MCC § 19.510.020 A.7.

On June 18, 2018, the Circuit Court entered the written Order Denying MPC's Motion to Dismiss. The order essentially restated the court's oral ruling on May 10, 2018.

Also on June 18, 2018, the Boltes filed a separate notice of appeal, appealing from the May 22, 2018 Decision and Order. On August 9, 2018, the Circuit Court entered a Stipulation to Stay Proceedings and Order, under which the Boltes' appeal from the Decision and Order was "stayed until thirty (30) days after the Hawaii Intermediate Court of Appeals or the Hawaii Supreme Court enter[s] a final judgment on the appeal in the [currently pending] Appeal, by mutual agreement of the parties, or until the Court orders the stay lifted by motion filed by one of the parties."

In addition, both parties filed motions for summary judgment on the substantive issues implicated in the Boltes' appeal to the Circuit Court. After further briefing and a July 3, 2018 hearing, on July 27, 2018, the Circuit Court entered the Order Granting the Boltes' MSJ. The Circuit Court entered the Order Denying MPC's MSJ on the same date.

On September 17, 2018, the Circuit Court entered the Judgment,[7] and on September 26, 2018, MPC timely filed its notice of appeal.

## II. Discussion

The dispositive issue in this appeal is whether the Circuit Court properly exercised jurisdiction over the Boltes' primary appeal pursuant to HRS § 91-14(a). HRS § 91-14(a) provides, in relevant part:

---

[7] The Judgment states, in relevant part:

> There are no remaining claims or parties and all other claims, counterclaims, cross claims and third party claims are hereby dismissed.

> This Court expressly directs that Judgment be entered as a final judgment pursuant to Rule 58 of the Hawaii Rules of Civil Procedure.

The Judgment thus appears to dismiss "all other claims" without expressly entering judgment in favor of the Boltes. Nevertheless, on its face, the Judgment is final and appealable, as it resolves all claims as to all parties.

6

> (a) Any person aggrieved by a final decision and order in a contested case or by a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive appellant of adequate relief is entitled to judicial review thereof under this chapter[.]

MPC contends that its January 9, 2018 vote to deny the Boltes' Application was not a "final decision and order" for purposes of HRS § 91-14(a). MPC further contends that the Boltes never pled or otherwise claimed that the vote to deny the Application constituted "a preliminary ruling of the nature that deferral of review pending entry of a subsequent final decision would deprive [the Boltes'] of adequate relief." HRS § 91-14(a). Accordingly, MPC argues, at the time the Boltes' filed their appeal in the Circuit Court, the court lacked jurisdiction to review the MPC's denial of the Application and erroneously denied the MPC's motion to dismiss.

In response, the Boltes contend that they "expressly appealed from a preliminary ruling and not a final decision[.]" The Boltes argue that they "were entitled to automatic approval of the Application based on [MPC's] failure to issue a Final Order by the 120-day deadline of February 21, 2018." They further argue that "they were required to timely appeal [the] preliminary oral denial and lack of a final decision or risk waiving their claim." They explain: "Had the Boltes waited until the Final Order was issued, their failure to timely assert their right to automatic approval would likely have been deemed assent to an extension for the [MPC] to issue i[t]s Final Order – waiving automatic approval."

The Hawaiʻi Supreme Court has construed HRS § 91-14(a) as follows:

> Judicial review over an agency appeal is authorized by HRS § 91-14 when the following requirements have been met:
>
> > first, the proceeding that resulted in the unfavorable agency action must have been a contested case hearing . . . ; second, the agency's action must represent a final decision or order, or a preliminary ruling such that deferral of review would deprive the claimant of adequate relief; third, the claimant must have followed the applicable agency rules and, therefore, have been involved in the contested case; and finally, the claimant's legal interests must have been injured—i.e., the claimant must have standing to appeal.

7

In re Application of Maui Electric Co. (**MECO**), 141 Hawaiʻi 249, 258, 408 P.3d 1, 10 (2017) (quoting Kilakila ʻO Haleakala v. Bd. of Land & Nat. Res., 131 Hawaiʻi 193, 200, 317 P.3d 27, 34 (2013)).  "In other words, there are four requirements for judicial review over an agency appeal:  a contested case hearing, finality, compliance with agency rule, and standing."  Id.

Here, finality is the only requirement at issue.  No final decision and order had been issued by MPC when the Boltes filed their notice of appeal and amended notice of appeal in the Circuit Court.[8/]  Thus, we must consider whether, for purposes of HRS § 91-14(a), there was an appealable preliminary ruling.

The Boltes acknowledge that they appealed from a preliminary ruling, which they identified in their statement of the case as "the preliminary denial of [the Boltes' STRH] [A]pplication . . . issued on February 22, 2018 . . . , and [MPC's] failure to render a final decision within the required time period."  The Boltes do not explain, however, why the February 22, 2018 Letter (or the underlying January 9, 2018 vote to deny the Application) is "of the nature that deferral of review pending entry of a subsequent final decision would deprive [the Boltes] of adequate relief."  They simply assert that they were entitled to automatic approval of the Application based on the MPC's failure to issue a final order by February 21, 2018, and had they waited until the May 22, 2018 Decision and Order was

---

[8/]  "For purposes of HRS § 91-14(a), [the Hawaiʻi Supreme Court has] defined 'final order' to mean 'an order ending the proceedings, leaving nothing further to be accomplished.'"  Bocalbos v. Kapiolani Med. Ctr. for Women & Children, 89 Hawaiʻi 436, 439, 974 P.2d 1026, 1029 (1999) (quoting Gealon v. Keala, 60 Haw. 513, 520, 591 P.2d 621, 626 (1979)).  "Consequently, an order is not final if the rights of a party involved remain undetermined or if the matter is retained for further action."  Id. (quoting Gealon, 60 Haw. at 520, 591 P.2d at 626).

Here, at the end of the January 9, 2018 hearing, there was discussion regarding the preparation of a written decision and order for approval by MPC.  See HRS § 91-12 (2012) ("Every decision and order adverse to a party to the proceeding, rendered by an agency in a contested case, shall be in writing or stated in the record and shall be accompanied by separate findings of fact and conclusions of law."); MPC Rules § 12-201-82 ("Every decision and order adverse to a party to the proceeding rendered by [MPC] shall be in writing or stated in the record and shall be accompanied by separate findings of fact and conclusions of law.")  In addition, the February 22, 2018 Letter explicitly stated:  "A Decision & Order will be mailed to you upon completion of that document, and we will notify you when it is scheduled for acceptance by the Commission."  Thus, the matter of the Application was "retained for further action."  Bocalbos, 89 Hawaii at 439, 974 P.2d at 1029.

issued to file their appeal, they would likely have been deemed to have waived automatic approval. To the extent the Boltes are claiming that only automatic approval of their Application would provide them "adequate relief" in this situation, they cite no authority supporting their position.

In essence, the Boltes contend that waiting for a final decision and order from the MPC in these circumstances arguably could have been deemed a waiver of their alleged right to automatic approval, citing in particular, Kauai Springs, Inc. v. Planning Comm'n of Cnty. of Kauaʻi, 133 Hawaiʻi 141, 324 P.3d 951 (2014). There, the supreme court considered whether "Kauai Springs assented, through verbal and nonverbal conduct, to extend the automatic approval deadlines for [certain use and zoning] permits." Id. at 165, 324 P.3d at 975. In conjunction with HRS § 91-13.5, "[Kauai County Code (**KCC**)] §§ 8-19.5(g) and 8-19.6(e) provide[d] that an application that is not acted upon within the prescribed time limits (120 days for a special permit, 90 days for a use permit) is 'deemed approved' unless the applicant assents to a delay." Id. (emphasis omitted). The supreme court concluded that the assent provisions in KCC §§ 8-19.5(g) and 8-19.6(e) did "not conflict with HRS 91-13.5." Id. at 167, 324 P.3d at 977. However, the court also ruled that "[t]he applicant's assent to a delay must occur prior to the [automatic approval] deadline." Id. at 168, 324 P.3d at 978. Applying that standard to Kauai Springs' conduct, the court concluded: "[T]he record in this case demonstrates that Kauai Springs assented to an extension of the time frame for considering the Use and Class IV Zoning permits, prior to the deadlines for those individual permits, as both Kauai Springs and the Planning Commission treated the application for the three permits as comprising a consolidated application request." Id. In reaching this conclusion, the court considered, *inter alia*, Kauai Springs' extensive affirmative conduct indicating its assent to extending the automatic approval deadlines for the requested permits. Id.

In contrast, here, the rules at issue do not contain any similar provision permitting an applicant to "assent" to a delay in MPC's decision on an application. See, e.g., MPC Rules

9

§ 12-201-34. Moreover, merely waiting for the MPC to issue a final decision and order, which was statutorily required (see HRS § 91-12) and which the MPC had represented to the Boltes was forthcoming, is not the type of affirmative conduct that was found to constitute assent in Kauai Springs. Nor is it the type of conduct from which "an intention to waive [a known right] may be reasonably inferred[.]" Id. at 167, 324 P.3d at 977 (quoting Coon v. City & Cnty. of Honolulu, 98 Hawaiʻi 233, 261, 47 P.3d 348, 376 (2002)). Kauai Springs is therefore inapposite in this regard.

Ultimately, the Boltes fail to establish that the January 9, 2018 vote to deny the Application or the February 22, 2018 Letter represented a preliminary ruling "such that deferral of review [pending entry of a subsequent final decision] would deprive [the Boltes] of adequate relief[.]" MECO, 141 Hawaiʻi at 258, 408 P.3d at 10. Here, the Boltes may seek judicial review of the MPC's statutorily-required final decision and order entered on May 22, 2018, and assert that it was untimely under any applicable automatic approval deadline.[9/]

We conclude that the Circuit Court lacked jurisdiction over the Boltes' primary appeal, as asserted in the March 9, 2018 notice of appeal and the March 14, 2018 amended notice of appeal. Other points raised in this appeal are therefore moot.

### III. Conclusion

For the reasons discussed above, we vacate the following orders and judgment entered in the Circuit Court of the Second Circuit: (1) the June 18, 2018 "Order Denying [MPC's] Motion to Dismiss Amended Notice of Appeal Filed March 14, 2018"; (2) the July 27, 2018 "Order Granting [the Boltes'] Motion For Summary Judgment, Filed May 31, 2018"; (3) the July 27, 2018 "Order Denying [MPC's] Motion for Summary Judgment as to [the Boltes'] Automatic Approval Claims, Filed June 25, 2018"; and (4) the September 17, 2018 "Final Judgment." The case is remanded to the Circuit Court with instructions to dismiss the appeal, as

---

[9/]    We express no opinion on the merits of that appeal or any arguments or defenses that might be raised in response to it.

10

**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

asserted in the March 9, 2018 notice of appeal and the March 14, 2018 amended notice of appeal, for lack of jurisdiction.  The dismissal is without prejudice to and shall not affect the appeal initiated by the June 18, 2018 notice of appeal.

DATED:  Honolulu, Hawai'i, March 30, 2023.


On the briefs:

Thomas W. Kolbe and
Caleb P. Rowe,
Deputies Corporation Counsel,
County of Maui,
for Appellee-Appellant.

Michael C. Carroll and
James G. Deihl
(Bays Lung Rose & Holma)
for Appellants-Appellees.

/s/ Katherine G. Leonard
Presiding Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Derrick H.M. Chan
Associate Judge